IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00944-CMA

JEFFREY MARK ZARING,

      Applicant,

v.

BLAKE DAVIS, Warden, F.P.C. Florence,

      Respondent.

---

ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

---

CHRISTINE M. ARGUELLO, District Judge

      This matter is before the Court on Applicant Jeffrey Mark Zaring's *pro se*

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1,  filed

on April 9, 2012.  Respondents have filed a Response to Order to Show Cause (ECF

No. 13) and Applicant has filed a Reply (ECF No. 14).  Having considered the same, the

Court concludes that the Application should be denied.

**I.    Background**

      Mr. Zaring was arrested by state authorities in Davis County, Utah, on December

8, 2003, for Possession with Intent to Distribute a Controlled Substance; Possession of

a Controlled Substance; Possession of a Controlled Substance without a Container; and

Possession of Drug Paraphernalia.  (Declaration of J.R. Johnson, ECF No. 13-2, at ¶ 5).

The state charges were dismissed in lieu of federal prosecution; however, Applicant

was held by the state authorities on a previous drug charge for a state offense that

occurred on June 9, 2003.  (*Id.*).

On February 11, 2004, Mr. Zaring was released temporarily to the custody of the United States Marshals Service (USMS) pursuant to a federal writ of habeas corpus *ad prosequendum*.  (*Id.* ¶ 7; attach. 2; ECF No. 13-4).  At the time the writ was issued, Applicant was in state custody pending state sentencing.  (ECF No. 13-2, ¶ 7).

On November 23, 2004, the State of Utah sentenced Mr. Zaring to a 1 to 15 year term for Distribution of a Controlled Substance.  (*Id.* ¶ 8).  The state sentence was designated to be served concurrent to any future federal sentence. (ECF No. 1, at 22).

On May 16, 2005, the United States District Court for the Northern District of Utah sentenced Mr. Zaring to a 121 month prison term for Possession with Intent to Distribute Methamphetamine.  (*Id.* ¶ 9; ECF No. 13-3).  The federal sentencing court ordered the federal prison term to be served concurrent to the state sentence.  (*Id.*).  On May 23, 2005, the USMS returned Applicant to state custody.  (*Id.*; attach. 2).

On February 7, 2006, the State of Utah terminated Mr. Zaring's state sentence. (*Id.* ¶ 10; attach. 1, at p. 1).  On that date, Applicant was released to federal custody and he continued service of his federal sentence.  (ECF No. 13-2, attachs. 1, 3).

The Bureau of Prisons prepared a sentence computation for Mr. Zaring commencing the federal sentence on the date it was imposed, May 16, 2005. (ECF No. 13-2, ¶ 12, and attach. 3).  Mr. Zaring's projected satisfaction date is July 3, 2013, on the condition that he complete a Residential Drug Abuse Program.  (*Id.*; attach. 3).

The state applied jail credit (pre-conviction) against Mr. Zaring's state sentence from December 5, 2003 through November 23, 2004, and jail credit (post-conviction) after he was sentenced on November 23, 2004, until he arrived at the state prison, on

June 3, 2005.  (ECF No. 13-2, ¶ 13, attach. 1, at 1-2).  Applicant served his state sentence from November 23, 2004 until his sentence was terminated on February 7, 2006.  (*Id*.).

## II.    Application

Mr. Zaring initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on April 9, 2011.  After being ordered to file a preliminary response, Respondent informed the Court that it would not raise the affirmative defense of exhaustion of administrative remedies. (ECF No. 9).[1]  The case was drawn to a district judge and a magistrate judge on May 16, 2012.

In the Application, Mr. Zaring asserts that he has been denied federal custody credit for the period December 11, 2003 to February 11, 2006.  He alleges that this period was credited to his state sentence, but not to his federal term, contrary to the directives of the sentencing courts that his federal and state terms be served concurrently. Mr. Zaring further maintains that his federal sentence was interrupted by his commitment to a state prison, thereby denying him the right to serve his federal sentence continuously.

## III.    Legal Standard

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A motion pursuant

---

[1]Respondents concede in their Response (ECF No. 13, at 3) that Applicant exhausted his administrative remedies and the attachments to the Application so reflect.

to § 2241 generally . . . [includes] such matters as [the] computation of a prisoner's sentence by prison officials, . . . ." *Hernandez v. Davis*, No. 07–cv–02406–REB–ME, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *accord United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (construing petitioner's request for *nunc pro tunc* designation of his state facility for service of his federal sentence as a petition for a writ of habeas corpus challenging the execution of his sentence under 28 U.S.C. § 2241). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). Here, Applicant correctly filed the Application challenging the computation of his federal sentence in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* litigant's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the pro se litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

IV.    **Analysis**

4

A.      **Applicant Received State Credit for Time Spent in Custody Prior to Federal Sentencing on May 16, 2005**

Mr. Zaring claims that he did not receive federal credit towards his sentence for the period December 11, 2003 to February 11, 2006.  Respondents argue that part of this claim is successive to a claim Applicant raised in *Zaring v. Wiley*, 09-cv-00689-BNB, wherein Mr. Zaring challenged his prior custody credit in a § 2241 proceeding.  This Court dismissed the application and the Tenth Circuit affirmed in *Zaring v. Davis* (*Zaring I*), 426 F. App'x 644 (10th Cir. 2011).

Pursuant to 28 U.S.C. § 2244(a) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), successive petitions are not entitled to judicial review.  Section 2244(a) states:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).  The statute codifies long-standing common law principles limiting review of successive habeas petitions.  *See Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010).

In *Zaring I*, Applicant argued that he should have received custody credit toward his federal sentence for the time he spent in county jail and state prison prior to the date of federal sentencing, May 16, 2005.  *Zaring*, 426 F. App'x at 645.  The Tenth Circuit affirmed the district court's determination that 18 U.S.C. § 3585(b) prohibits such credit. Section 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the

sentence commences. . . that has not been credited against another sentence." In

*Zaring I*, Applicant did not dispute that he had already received credit against his state

sentence for the time he spent in custody prior to federal sentencing.[2]  The Tenth Circuit

thus concluded:

> Section 3585(b) is clear. If one sentence is reduced by a pre-trial
> detention credit, the credit cannot be applied against another
> sentence—regardless of whether it was properly applied to the first
> sentence. Zaring's pretrial detention was credited against his state
> sentence and cannot also be credited against his federal sentence.

*Zaring I*, 426 F. App'x at 645.

In the instant Application, Mr. Zaring objects to the Bureau's "refusal to accord

custody credit from December 11, 2003 through February 11, 2006." (ECF No. 1, at 4,

¶ 5).  Applicant's argument that he should have received federal custody credit for the

time spent in state custody before his federal sentencing on May 16, 2005 is the same

argument that was addressed in *Zaring I*.  As such, his claim is barred as successive

pursuant to 28 U.S.C. § 2244(a).

In the alternative, Applicant's claim fails on the merits.  As the Tenth Circuit held

in *Zaring I*, 18 U.S.C. § 3585 prohibits double counting of custody credit.  *See also*

*United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear [in enacting

§ 3585(b)] that a defendant could not receive a double credit for his detention time.").

Because Applicant received credit toward his state sentence from December 5, 2003 to

May 16, 2005, the date of federal sentencing, that credit cannot also count toward

---

[2]Apparently Mr. Zaring argued in his reply brief to the Tenth Circuit that he did not receive credit against his state sentence for his period of pre-trial detention. *Zaring*, 426 F. App'x at 645 n.1.  However, the Tenth Circuit refused to consider this argument because it was not made in Applicant's opening brief. *Id.*

Applicant's federal sentence.  (*See* ECF No. 13-2, attach. 1).  As such, Mr. Zaring is not entitled to federal habeas relief on his claim.

**B.    Applicant Received Custody Credit Based on Concurrent Sentencing**

Applicant argues that "the B.O.P. [is] forcing [him] to serve his federal sentence consecutively to his state sentence, as no credit is given to Zaring for the time he served in custody from December 11, 2003 through February 11, 2006."  Construing Applicant's allegations liberally, he contends that the period prior to federal custody should have been credited to both the state and federal sentences because both courts designated the sentences as concurrent.

Respondents argue that this claim should be dismissed as an abuse of the writ because the issue could have been raised in Applicant's prior petition.

The common law abuse of the writ doctrine prohibits an applicant from raising issues in a second habeas application that could have been raised in an earlier application, unless the applicant establishes that the omission was not the result of inexcusable neglect.  *Stanko*, 617 F.3d at 1271 (citing *McCleskey v Zant*, 499 U.S. 467, 489 (1991)).

In *Zaring I*, Applicant asserted for the first time in his appellate brief that his sentences were not truly concurrent despite the sentencing orders of both the federal and state courts.  *Zaring I*, 426 F. App'x at 645.  The Tenth Circuit refused to address the argument because it was not raised in the district court.  *Id.*  Applicant now attempts to raise the same issue in this proceeding.  Because Applicant does not allege any facts in his Reply brief to show that his failure to raise the claim before the district court in the

7

earlier proceeding was the result of a reason other than excusable neglect, the claim is barred as an abuse of the writ.

In the alternative, the claim lacks merit.  Applicant's federal sentence commenced on May 16, 2005, the day he was sentenced in federal court.[3]  A federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); *DeMartino v. Thompson*, No. 96-6322, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) (unpublished) (citing *Flores*); *see also* 18 U.S.C. § 3585(a) (stating that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Before Applicant began serving his federal sentence on May 16, 2005, the state credited him with all of the time he spent in custody between December 5, 2003 and May 16, 2005.[4]  As discussed above, 18 U.S.C. § 3585(b) prohibits double-counting of custody credit.  Applicant therefore is not entitled to additional credit against his federal sentence during any portion of that period.  *See* 18 U.S.C. § 3585(b).

Furthermore, the records provided by Respondents establish that Applicant has received credit toward his federal sentence since May 16, 2005.   When Applicant began serving his federal sentence on May 16, 2005, the date he was sentenced in the federal district court, he was already serving his state sentence.  Mr. Zaring's state and

---

[3]*See* ECF 13-2, attach 3; ECF No. 13-3.

[4]*See* ECF No. 13-2, attach. 1.

8

federal sentences were served concurrently from May 16, 2005 until February 7, 2006, when he completed service of his state sentence.[5]  Applicant was thereafter transferred to the Bureau's custody to continue to serve his federal sentence.  Accordingly, contrary to Applicant's assertions he has received credit against his federal sentence for the period May 16, 2005 to February 7, 2006.[6]

This case is distinguishable from those in which the Bureau designates an offender's state facility *nunc pro tunc* for service of his federal sentence, where the state court has ordered a state sentence to run concurrently with an existing federal sentence.  *See Barden v. Keohane*, 921 F.2d at 476, 477-478 (3rd Cir. 1990) (recognizing that the Bureau of Prisons has the statutory authority to designate *nunc pro tunc* a prisoner's state facility as the place of confinement for his federal sentence where: the petitioner asserts that the designation is necessary to carry out the intention of the state sentencing court that his state sentence be served concurrently with his existing federal sentence; and, the federal judgment is silent as to whether the federal sentence would run consecutively to or concurrent with any future state sentence.)  In this case, the state sentence was imposed long before Mr. Zaring's federal sentence. *See Miller*, 594 F.3d at 1242 (distinguishing *Barden*, in part, on the basis that Mr. Miller was already serving his state sentence when he received his federal sentence).  Mr. Zaring does not cite any authority, nor is the Court aware of any, to hold that a federal

---

[5]ECF No. 13-2, attach. 3.

[6]See generally *id.*

sentence may be designated *nunc pro tunc* to commence before it is imposed by the federal district court. *See Flores*, 616 F.2d at 841.

Because Mr. Zaring's federal sentence did not commence until May 16, 2005, he is not entitled to any credit toward his federal sentence for time spent in custody prior to that date. In short, Mr. Zaring was not serving his state and federal sentences concurrently until May 16, 2005. *See Azure v. Gallegos*, Nos. 03-1375, 03-8047, 03-8090, 97 F. App'x 240, 244 (10th Cir. March 26, 2004) (unpublished) (rejecting petitioner's argument that his federal and state sentences were not fully concurrent unless his federal sentence was deemed commenced from the date of the federal charge; instead, the concurrent sentence imposed by federal district court caused petitioner's state and federal sentences to run concurrently from the date of federal sentencing). Applicant therefore is not entitled to federal habeas relief for his claim.

## C.    Service of Applicant's Federal Sentence was not Interrupted

Applicant next claims that his federal sentence was interrupted by his commitment to a state prison, thereby denying him the right to serve his federal sentence continuously. Respondent argues that this claim should be dismissed as an abuse of the writ.

In *Zaring I*, Applicant asserted for the first time in his appellate brief that his federal sentence was impermissibly interrupted by his state sentence. *Zaring I*, 426 F. App'x at 645. The Tenth Circuit refused to address the argument because it was not raised in the district court. *Id.* Applicant now attempts to raise the same issue in this proceeding. Because Mr. Zaring does not allege any facts in his Reply brief to show

10

that his failure to raise the claim before the district court in the earlier proceeding was the result of a reason other than excusable neglect, the claim is barred as an abuse of the writ.

In the alternative, the Court finds that the claim fails on the merits. When two sovereigns may claim custody over a prisoner, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002). This "rule of comity" requires the second sovereign "to postpone its exercise of jurisdiction until the first sovereign is through with [the defendant] or until the first sovereign agrees to temporarily or permanently relinquish custody." *Id.* When a state transfers a person in custody to the federal government pursuant to a writ of habeas corpus *ad prosequendum*, the detention is generally recognized as being temporary; the defendant is not regarded as being in "official detention" by the federal authorities. *See Brown v. Perrill*, 28 F.3d 1073, at 1073-1074 (10th Cir. 1994) (citing and quoting *Hernandez v. United States Attorney General*, 689 F.2d 915, 918-19 (10th Cir. 1982)). The time spent in federal detention under such a writ is credited against the state sentence but not against the federal sentence. *See Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006); *United States v. Welch*, 928 F .2d 915, 916 n. 2 (10th Cir.1991); *Hernandez v. U.S. Atty. General*, 689 F.2d 915, 918-19 (10th Cir. 1982).

It is undisputed that Mr. Zaring was in state custody initially. The federal authorities obtained custody over him on February 11, 2004 pursuant to a writ of habeas corpus *ad prosequendum* and he remained in federal custody until May 23,

11

2005.  Applicant began serving his state sentence in state facilities on November 23, 2004.  Mr. Zaring's time in federal detention is properly characterized as temporary. *See Binford*, 436 F.3d at 1255–56 (use of *ad prosequendum* writ by federal government does not establish beginning of federal custody); *cf. Weekes*, 301 F.3d at 1177, 1180-81 (concluding that petitioner was in primary federal custody where Idaho allowed United States to take exclusive physical custody of petitioner without presenting either a written request for temporary custody or a writ of *habeas corpus prosequendum* and then lodged a state detainer with the federal authorities requesting the petitioner's return to state prison system upon completion of his federal sentence).  Applicant was in federal custody on loan from the state authorities and "was at all times held pursuant to the original writ and order." *Binford*, 436 F.3d at 1256.  Mr. Zaring states in the Application that before he was sentenced in the state case on November 23, 2004, he was out on bond for some unspecified period of time.  (ECF No. 1, at 4).  However, the fact that Applicant was not in state custody for a brief period does not by itself support a conclusion that Mr. Zaring was in official (as opposed to temporary) federal detention. At all times the federal authorities treated Applicant as if he was in state custody until his federal sentence commenced on May 16, 2005.

The Court finds and concludes that Mr. Zaring's claims do not warrant relief under 28 U.S.C. § 2241 to the extent he challenges his federal sentence computation.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

## V.  Order

Accordingly, it is

ORDERED that Applicant Jeffrey Mark Zaring's Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 (ECF No.1), filed April 9, 2012, is DENIED and

this action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  Mr. Zaring may file a motion in the Tenth Circuit.

Dated at Denver, Colorado, this 21st day of August , 2012.

BY THE COURT:


s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge